UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH HOWARD, JR., p/k/a "Joe Traxx," | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. H-06-3133 |
| v. | § § | |
| SONY BMG MUSIC ENTERTAINMENT, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Plaintiff Joseph Howard, Jr. seeks recovery against Defendant Sony BMG Music Entertainment, Inc. ("Sony") for Sony's alleged failure to pay amounts due to Plaintiff in connection with Sony's release of a record album. Sony filed a Motion for Summary Judgment (the "Motion"). For the reasons that follow, Sony's Motion, Docket No. 30, is **GRANTED**, and Plaintiff's claims against Sony are **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

This case involves a matrix of certain contracts, principles of copyright, and communications between Plaintiff and Sony. In particular, Plaintiff alleges that Sony and other defendants failed to compensate Plaintiff for the incorporation of one of his musical compositions into a song recorded by Defendant Wesley Eric Weston ("Weston"), and released and distributed by Sony. Mr. Howard, who describes himself as a solo musician and producer, claims that a copyrighted musical composition of his was used on the song *R.I.P Screw*, which was part of a successful album, *Undaground Legend*, that was issued in 2002. Plaintiff contends

that he was never paid for the use of his copyrighted musical composition, although he was repeatedly promised that he would be paid for it and for his production services.

Plaintiff and Defendant Suckafree Records, Inc. ("Suckafree") made and entered into a Producer Agreement (attached to Plaintiff's Amended Complaint as Exhibit 1) in August 2002, with Suckafree acting on behalf of Weston.  On March 1, 2004, a Mechanical License Agreement ("License Agreement") was made and entered into between Malaco, Inc., on behalf of Plaintiff, and Suckafree. (The License Agreement is attached to Plaintiff's Amended Complaint as Exhibit B.)  Sony was not a party to either agreement and Plaintiff does not claim that Sony was.

Beginning in 2004, there were several email communications between Plaintiff and Sony in which Plaintiff asked for payment.  Plaintiff contends, under different legal theories, that these communications gave rise to an obligation on the part of Sony to pay Plaintiff for his contributions to *Undaground Legend*.  After these communications failed to produce payment, Plaintiff filed this action in October 2006.

## II. SUMMARY JUDGMENT

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  FED. R. CIV. P. 56(c) (2006).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could

enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp*., 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id*.

### III.  PLAINTIFF'S CONTRACT AND TORT CLAIMS

Plaintiff argues that Sony breached the License Agreement "because Sony BMG clearly indicated that it would be responsible for payment of money owed to [Plaintiff]."   The support that Plaintiff offers for this claim, however, is plainly insufficient.  The first piece of evidence adduced is a September 2004 letter from Honora Bauman, the Director of "Copyright & Product Administration" at Sony, which is attached as Exhibit 4 to Plaintiff's Opposition to the summary judgment motion ("Opposition"). In her letter, Bauman states clearly that "Royalties for 'R.I.P. Screw' are being held in pending because the mechanical splits provided by the publishers exceed 100." Bauman went on  to suggest that Howard  "communicate with the other publishers to resolve the split dispute.  *Once you've reached agreement and all parties have confirmed revised splits*, I'll arrange the release of the mechanicals on the next accounting" (emphasis added).  This language simply cannot be read as imposing on Sony any obligation other than to be an honest broker: *viz*, to distribute money in accordance with the claimants' agreement as to the percentage distribution to which each is entitled.    It most certainly does not obligate Sony to pay Howard for anything, even if the other parties renege on their obligations.

The second piece of evidence Plaintiff cites in support of his implied contract theory are declarations from Plaintiff and from Terry E. Hobbs, a former president of Suckafree (Exs. 8 and 9 to Opposition).    These declarations use language that, in many paragraphs, is absolutely identical.  Although the declarations are full of conclusory statements, there is again no

cognizable evidence that Sony is a party to any kind of implied contract.  Reference is made to email between Plaintiff and Mary-Beth McCardle of Sony (Exs. 5 and 6 to Opposition), but her communications do little more than ask Plaintiff to confirm the percentage share for which Plaintiff had contracted with Suckafree.

Plaintiff has introduced no evidence of an enforceable contract, implied or otherwise, giving rise to the relief Plaintiff seeks.  Defendant Sony BMG is therefore entitled to summary judgment on Plaintiff's contract claim.  For the same reasons, Plaintiff's claims for fraud and misrepresentation also fail, and summary judgment must be granted to Defendant on those claims as well.

### IV.  PLAINTIFF'S COPYRIGHT CLAIMS

Plaintiff also alleges violation of his copyright for the melody he composed.  However, in the Producer Agreement, Plaintiff transferred to Suckafree all such rights as to R.I.P. Screw.  Although Plaintiff argues that the Producer Agreement is invalid and unenforceable because he was never paid the consideration contemplated in the Agreement, in Texas the enforceability of a contract does not depend upon the payment of the consideration promised.  *1464-Eight, Ltd. v. Joppich*, 154 S.W.3d 101 (Tex. 2004).

Plaintiff's copyright claims are also barred by the statute of limitations.  The latest at which Plaintiff could have been made aware of the copyright infringement would have been August 2002, when *Undaground Legend* was released.  The instant suit was not filed until October 2006. The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(B) (2006).  Plaintiff seeks to avoid the statute of limitations by arguing that the

relevant date for the accrual of a copyright action is the date of repudiation, and that repudiation occurred in September 2006.  Again, however, Plaintiff fails to point to any word or deed by Sony that could fairly be read as a repudiation.   Plaintiff's reliance on the doctrine of equitable estoppel has the same infirmity.  Plaintiff does not point to anything that Sony has done or failed to do that would equitably estop Sony from making any of the arguments that it now offers.

## V.  PLAINTIFF'S THEFT LIABILITY CLAIM

Plaintiff also seeks recovery under Texas's Theft Liability Act, TEX. CIV. PRAC & REM. CODE ANN. § 134.001 (Vernon 2007), *et seq.*, for Sony's alleged theft of Plaintiff's services as a producer, separate and apart from what is owed Plaintiff as a composer.  Sony argues that this state law claim is preempted by federal copyright law.  There is no need to resolve this legal issue, however, because Plaintiff has failed to introduce any proof at all that Sony has  improperly appropriated anything from Plaintiff.  Furthermore, Plaintiff appears also again to be barred by the pertinent statute of limitations.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.

## VI.  CONCLUSION

Sony's Motion is **GRANTED**.  Plaintiff's claims against Sony are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on this the 31st day of August, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE