UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH HOWARD, JR., § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-06-3133 |
| § | |
| SONY MUSIC BMG § | |
| ENTERTAINMENT, *et al.*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND ORDER

Cross-Defendant Sony BMG has filed a Motion to Dismiss for Failure to State a Claim and in the Alternative for More Definitive Statement. (Docket No. 32.) The Court notes that the parties have introduced material outside the pleadings.[1] Therefore, the motion should be treated not as a motion to dismiss, but rather as a motion for summary judgment. FED. R. CIV. P. 12(b) (when, in connection with a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule to 56."). Following the approach outlined by Rule 12(b), Defendant's Motion to Dismiss shall be **DISMISSED WITHOUT PREJUDICE.**

---

[1] Cross-Defendant Sony presented Excerpts from Master Recording Contract (Mot. Summ. J., Doc. No. 30, Ex. G). Both parties presented emails introduced by Plaintiff Howard (Pl.'s Resp. to Def.'s Mot. Dismiss, Doc. No. 15, Ex. 3, 4.). The documents are not attached to the pleadings in this case or to the Motion to Dismiss. See Kane v. McGregor, 322 F.3d 371 (5th Cir. 2003) ("[T]he court may review the documents *attached to the motion to dismiss* . . . where the complaint refers to the documents and they are central to the claim." (emphasis added)); Scanlan v. Texas A&M University, 343 F.3d 533, 536-37 (5th Cir. 2003) (finding that a district court could not consider a report referred to in plaintiff's complaint when deciding a 12(b)(6) motion because the report was not attached to the motion and was not central to the plaintiff's claim (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). The Court further believes that consideration of these documents is likely to facilitate the disposition of this action. See Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 193 n. 3 (5th Cir. 1988).

Both parties may file motions for summary judgment on or before November 22, 2007. Initial disclosures should be completed promptly. If any party requires further discovery in order to submit or respond to a summary judgment motion, a declaration should be filed with the Court explaining why the discovery is necessary.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 24th day of October, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.