UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH HOWARD, JR.<br>(p/k/a "Joe Traxx) | § § § | |
| Plaintiff, | § § | Civil Action Number: 06-3133 |
| vs. | § § § | |
| SONY BMG MUSIC<br>ENTERTAINMENT, INC. | § § § | |

## MEMORANDUM AND ORDER

Plaintiff Joseph Howard, Jr. previously obtained an order holding Defendant Wesley Weston ("Weston") in default because of his failure to answer or otherwise plead. (Dkt. No.12). The Court later declined to vacate the default because it held Weston's conduct had been wilful. (Dkt. No.67). Plaintiff now seeks to have the Court decide how much of a recovery Plaintiff is entitled to, and enter judgment. Weston opposes any award of damages to Plaintiff.

I.  INTRODUCTION

This lawsuit had its origins in an album entitled *Undaground Legend* that was released in August 2002. Plaintiff believes he is owed money for having produced the melody used in *R.I.P. Screw* which is included on the album. Weston is accused of having added the lyrics to the melody and having sung the resulting song for inclusion in the album. In his Amended Complaint (Dkt. No. 11), Plaintiff seeks recovery against all Defendants on various theories including breach of contract, copyright, fraud, negligent misrepresentation, and the Texas Theft Liability Act (Tex. Civ. Prac. & Rem. Code § 134.001-005).

Although Weston did default in not answering or otherwise pleading to the Complaint and Amended Complaint, the default extends only to the allegations that were made in, or fairly to be inferred from, Plaintiff's live pleadings, in this instance the Amended Complaint. (Dkt. No. 11.) Nonetheless, Plaintiff is now attempting, in the damages phase of the proceeding, to include theories of liability that do not appear in the Amended Complaint. These claims will not be considered by the Court unless Plaintiff wishes to request leave to file another amended complaint including such claims, and afford all Defendants, including Weston, a chance to respond. *Whittlesey v. Weyerhauser Co.*, 640 F.2d 739, 742 (5th Cir. 1981).

## II.   BREACH OF CONTRACT

There are two contracts under which Plaintiff might be able to state a claim for relief. The first is entitled "Producer Agreement," effective as of August 14, 2002, and is between "Estell Hobbs d/b/a Sucka Free Records, Inc. ("Employer") and **Joseph Howard, Jr. p/k/a Joe Traxx** ("Producer") . . . ." The second is entitled "Mechanical License Agreement (U.S.)" and is between Malaco, Inc. d/b/a Joe Traxx Music ASCAP and Sucka Free Records, Inc. Weston was a party to neither contract.

Plaintiff proffers several theories by which he contends that Weston should be held contractually liable even though not a party to either contract. For example, he argues that Weston was the co-CEO of Defendant Sucka Free Records, Inc. ("Sucka Free"). There are at least four reasons that this theory is not viable. First, because it does not appear in the Amended Complaint, it cannot form a basis for Weston's liability. Second, the Court has been provided no evidence that Weston was ever an officer in Sucka Free. Although Weston may have been promised such a position and may have signed documents on Sucka Free's behalf, no resolution has been adduced

by which the appointment would have been made, and no filing with regulatory authorities reflects such status. Third, even if Weston had been a corporate officer, that does not, without more, make him liable in his individual capacity for Sucka Free's liabilities. *See Menetti v. Chavers*, 974 S.W. 2d 168, 172 (Tex. App. – San Antonio 1998). Fourth, neither in the Amended Complaint not at the hearing on damages was any allegation made that would even suggest that the corporate veil of Sucka Free could be pierced, thus reaching Weston individually. *See Fidelity & Deposit Co. of Maryland v. Com. Casualty Consultants, Inc.*, 976 F.2d 272, 274-75 (5th Cir. 1992).

For the first time in submissions regarding damages, Plaintiff also argues that Weston should be held liable under a theory of quantum meruit, or as an indemnitor of Plaintiff as to amounts he Plaintiff is owed by Sucka Free. Once more, the Court will not consider theories that do not appear in the Amended Complaint and, in any event, there is no evidence that the criteria for quantum meruit or indemnity are satisfied.

Also for the first time, Plaintiff argues that Weston gave Sucka Free a power of attorney that makes Weston liable to Plaintiff. The language of the power of attorney, however, authorizes Sucka Free to pursue claims of infringement on Weston's behalf. It does not, even colorably, make Weston liable for Sucka Free's obligations.

### III. COPYRIGHT CLAIMS

Plaintiff has stated that his copyright claims against Weston do not relate to infringement. Rather, the claims are for an alleged repudiation by Weston of Plaintiff's copyright ownership. Again, however, Plaintiff's claims confront insuperable obstacles.

For one, in the Producer Agreement, Plaintiff appears to have transferred to Sucka Free all rights as to *R.I.P. Screw*. Plaintiff has previously argued that the Producer Agreement is invalid and

unenforceable because he was not paid all the monies he was due. Still, consideration was given by the contracting parties and, indeed, Plaintiff is heavily relying on the Producer Agreement to advance his claims against various Defendants in this case. That some monies are allegedly still owed under a contract does not invalidate the contract.

Additionally, Plaintiff's claim against Weston is barred by the statute of limitations. The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Plaintiff knew of his alleged copyright ownership claim when *Undaground Legend* was issued in August 2002. This action was not brought, however, until more than four years later.

Plaintiff appears to have abandoned any claim for relief against Weston under the Texas Theft Liability Act, and for fraud and negligent representation.

### IV. THE AMOUNT OF DAMAGES SOUGHT BY PLAINTIFF

Even if Plaintiff had come forward with viable theories of recovery against Weston, the Court would be unwilling to enter judgment for Plaintiff without substantially more evidence quantifying the damages he has suffered. All that has been offered to date is Plaintiff's own, very general affidavit.

### V. CONCLUSION

For all the foregoing reasons, the Court **DENIES** all of Plaintiff's claims for damages against Weston.

**IT IS SO ORDERED.**

Signed this 22d day of February 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE