UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH HOWARD, JR., p/k/a "Joe   §
Traxx,"   §
  §
     Plaintiff,   §
  §   CIVIL ACTION NO. H-06-cv-3133
v.   §
  §
SONY BMG MUSIC   §
ENTERTAINMENT, *et al.*,   §
  §
     Defendants.   §

## MEMORANDUM AND ORDER

Defendant Suckafree Records, Inc. and Estelle D. Hobbs, J., a/k/a "Hump" ("Suckafree Defendants" and "Cross-Claimants"), have filed a cross-claim against Defendant Sony BMG Music Entertainment, Inc. ("Sony"),[1] and Sony has filed a Motion for Summary Judgment. For the reasons that follow, Sony's Motion, Docket No. 64, is **GRANTED**, and Cross-Claimants' claims against Sony are **DISMISSED WITH PREJUDICE.**

## I.    BACKGROUND

Plaintiff Joseph Howard alleges that Sony, the Suckafree Defendants, and others failed to compensate him for the incorporation of one of his musical compositions into a song recorded by Defendant Wesley Eric Weston ("Weston"), and released and distributed by Sony. Mr. Howard, who describes himself as a solo musician and producer, claims that a copyrighted musical composition of his was used on the song *R.I.P Screw*, which

---

[1] Although the Cross-Claim was asserted in an Answer filed by Suckafree, Estelle Hobbs, and Hobbs Publishing, the Cross-Claim was asserted on behalf of Suckafree and Estelle Hobbs only. (Cross-Claim at 10.)

was part of a successful album, *Undaground Legend*, that was issued in August 2002. Plaintiff contends that he was never paid for the use of his copyrighted musical composition, although he was repeatedly promised that he would be paid for it and for his production services.

Plaintiff and Defendant Suckafree Records, Inc. ("Suckafree") made and entered into a Producer Agreement dated August 14, 2002 (Pl.'s Am. Compl. Ex. 1). A Mechanical License Agreement ("License Agreement"), dated March 1, 2004, was made and entered into between Malaco, Inc., on behalf of Plaintiff, and Suckafree. (Pl.'s Am. Compl. Ex. 2.) Sony was not a party to either agreement.

Beginning in 2004, there were several email communications between Plaintiff and Sony in which Plaintiff asked for payment. Plaintiff contends that these communications gave rise to an obligation on the part of Sony to pay Plaintiff for his contributions to *Undaground Legend*. After these communications failed to produce payment, Plaintiff filed this action in October 2006.

In their Answer to Plaintiff's Amended Complaint, the Suckafree Defendants admit that Plaintiff did not receive the full compensation that he is owed, and that the non-payment of royalties constitutes a breach of contract. (*See, e.g.*, Defs.' Answer ¶ 18; 29-37.) The Suckafree Defendants argue, however, that they had an agreement "both oral and written, express and implied" with Sony that obligated *Sony* to pay Plaintiff royalties. (*See, e.g.*, Defs.' Answer ¶ 17; Cross-Claim ¶ 4-6.) As a result, the Suckafree Defendants have asserted claims of breach of contract, fraud, and negligent misrepresentation against Sony.

## II.   SUMMARY JUDGMENT

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c) (2008).   Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).   A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). Conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).   The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902.

## III.   BREACH OF CONTRACT

Cross-Claimants contend that Sony breached promises to pay Suckafree and Hobbs "including implied contracts that it would pay royalties and other consideration to the producers and music content providers on the Undaground Legend album." (Cross-

-3-

Claim ¶ 15.) Cross-Claimants entered into a Master Recording Contract with Sony (successor to Loud Records, LLC) in January 2002. Pursuant to the Master Recording Contract, Sony was to pay Suckafree Records royalties for certain albums. Cross-Claimants admit that the agreement obligates Suckafree Records to pay any producers they hired to work on any song. The language of the Master Recording Contract regarding payment of producers is perfectly clear. Paragraph 3.01(a) states: "[Suckafree] will be solely responsible for engaging and paying [producers]. (Master Recording Contract ¶ 3.01(a).) Paragraph 14.01(b) confirms: "[Suckafree] shall be solely responsible for: . . . (2) all royalties payable to any producers, mixers, remixers or any other Persons contributing to the recording of the Master Recordings. . . ." (Master Recording Contract ¶ 14.01(b).)

Cross-Claimants contend, however, that they forwarded their agreements with Plaintiff to Sony "so Sony BMG would distribute royalty payments on behalf of Suckafree Records, Inc. pursuant to their agreements with the producers who worked on the album." (Cross-Claimants' Resp. Brief at 2.) This Court has already found that Sony was not a party to the Producer or Mechanical License Agreements between Cross-Claimants Plaintiff Howard. Cross-Claimants appear to argue, however, that Sony at some point agreed to pay the royalties directly to Plaintiff in accordance with the terms of the Producer and Mechanical License agreements, but failed to do so.

Cross-Claimants produce only two pieces of evidence in support of Sony's alleged agreement to pay Plaintiff Howard. First, Cross-Claimants point to a September 2004 letter from Honora Bauman, the Director of "Copyright & Product Administration" at

-4-

Sony, to Plaintiff Howard.  (Doc. No. 30 Ex. C).  In her letter, Bauman states that "Royalties for 'R.I.P. Screw' are being held in pending because the mechanical splits provided by the publishers exceed 100." Bauman went on to suggest that Howard "communicate with the other publishers to resolve the split dispute.  *Once you've reached agreement and all parties have confirmed revised splits*, I'll arrange the release of the mechanicals on the next accounting" (emphasis added).  As this Court explained in its August 31, 2007 Order, this language cannot be read as imposing on Sony any obligation other than to be an honest broker: *viz*, to distribute money in accordance with the claimants' agreement as to the percentage distribution to which each is entitled.  It most certainly does not obligate Sony to pay Howard for anything, even if the other parties renege on their obligations.

Cross-Claimants also provide a sworn declaration made by Terry Hobbs, the former President of Suckafree Records.  (Cross-Claimants' Resp. to Mot. Summ. J. Ex. B.) The Court notes, first, that this is the same Declaration that was provided as evidence by Plaintiff in opposition to Sony's Motion for Summary Judgment.  (Pl.'s Resp. to Mot. Summ. J., Doc. No. 31, Ex. 9.)  Furthermore, Mr. Hobbs' declaration is almost identical to a declaration made by Plaintiff himself in opposition to that same Motion.  (*Id.* at Ex. 8.) As this Court noted in its August 31, 2007 Order, the declaration is full of conclusory statements and provides no cognizable evidence that Sony is a party to any kind of implied contract.[2]  *See, e.g., Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 224 (5th Cir. 1991) ("We have recognized that there is a level of conclusoriness

---

[2] For example, Hobbs asserts, without more, that Sony "has entered into a contractual obligation with its co-defendant which requires it to compensate the producers on the album, Undaground Legend," and that "Sony BMG has not paid Suckafree or Mr. Howard properly for the use, distribution and sale of all the music (including R.I.P. Screw) on the Undaground Legend album." (Ex. B ¶¶ 7, 27.).

below which an affidavit must not sink if it is to provide the basis for a genuine issue of material fact."); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." (citing C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2738 (1983)).  Furthermore, Hobbs' belief that Sony BMG "clearly indicated that it would be responsible for payment of money owed to Mr. Howard" appears to be based on the Bauman letter, discussed above, and a series of emails exchanged between Howard and individuals at Sony.[3]  Again, this Court has already found that these emails do little more than ask Plaintiff to confirm the percentage share for which Plaintiff had contracted with Suckafree.  (Doc. 36 at 4.)  Similarly, Cross-Claimants assert that Sony failed to pay Suckafree royalties as agreed in the Master Recording Contract, but provide absolutely no evidence to show that any amount of royalties actually due were not paid.

Cross-Claimants have provided no competent evidence of an enforceable contract, implied or otherwise,[4] giving rise to the relief they seek.  The only competent summary judgment evidence is the Master Recording Contract, which unequivocally places the duty

---

[3] Hobbs' references to conversations between Plaintiffs' counsel and Sony are hearsay.  (*See, e.g.*, Hobbs Declaration ¶ 18.)  Hobbs also admits that he does not have personal knowledge of those conversations.  (*Id.* ("Based on the documents produced in this case, on January 26, 2006, counsel for Mr. Howard spoke with Sony BMG about the status of Sony BMG's payment . . . .").)

[4] The elements of an implied-in-fact contract are identical to those of an express contract, though in an implied contract "the assent element must be inferred from the circumstances of the transaction."  *University Nat. Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App.—San Antonio 1989) (citing *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972); *see also* 1 WILLISTON ON CONTRACTS § 1:5 (4th ed.) ("[A]n implied-in-fact contract arises from mutual agreement and intent to promise, when the agreement and promise have simply not been expressed in words.").

to pay Plaintiff Howard squarely on Suckafree Records.  Counter-Defendant Sony is,

therefore, entitled to summary judgment on Cross-Claimant's contract claims

## IV.    FRAUD AND NEGLIGENT MISREPRESENTATION

Defendants have raised no evidence or arguments in support of their fraud and

negligent misrepresentation claims that were not present in Plaintiff's summary judgment

briefing.  Cross-Claimants' claims fail for the same reason that Plaintiff's claims failed.

(*See* Doc. 36).

Cross-Claimants allege that Sony should be held liable for fraud because Sony

made representations to Plaintiff Howard and/or Suckafree that it would pay Plaintiff

Howard royalties pursuant to the terms of the Producer and Mechanical License

Agreements but failed to do so.   Under Texas law, to prove fraud, a party must

demonstrate:

> (1) a material representation was made; (2) it was false when made; (3) the
> speaker either knew it was false, or made it without knowledge of its truth;
> (4) the speaker made it with the intent that it should be acted upon; (5) the
> party acted in reliance; and (6) the party was injured as a result.

*Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002) (citing *Formosa Plastics Corp.*

*USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).   Cross-

Claimants allege that Sony's statements in emails to Plaintiff Howard constituted false

promises to pay Plaintiff and other producers on the Undaground Legend Album.  (Cross-

Claim ¶ 18.)  First of all, the Court has already held that these emails do not provide

evidence of a promise by Sony to pay Plaintiff Howard.  Second, Cross-Claimants were

not recipients of these emails, and thus the statements contained within the emails were not

even made to them.  Finally, even if these statements could be construed as promises to

pay, they would, at best, be promises of future performance, which are actionable only upon a showing that the defendant made the promise with no intention of performing. *See, e.g., Coffel*, 284 F.3d at 631 (citing *Formosa Plastics* at 48) ("In the case of a promise of future performance, the plaintiff also has to prove that 'the promise was made with no intention of performing at the time it was made.'"); *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986). "Failure to perform, standing alone, is not evidence of the promissor's intent not to perform when the promise was made." *Id.* at 435. Cross-Claimants have provided no evidence other than Sony's alleged failure to perform, that would demonstrate that Sony made the alleged promise with no intention of performing. Thus, Cross-Claimants fraud claim fails as a matter of law.

Cross-Claimants' negligent misrepresentation claim fails on similar grounds. Cross-Claimants once again rely on the emails between Sony and Plaintiff Howard as evidence of Sony's alleged representations that they would pay Plaintiff Howard royalties. (Cross-Claim ¶ 24.) The elements of a negligent misrepresentation claim are:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Even if the statements in Sony's emails could be construed as promises to pay Plaintiff Howard, which they cannot, Cross-Claimants' negligent misrepresentation claim would fail. As the Court has explained, these statements, at best, would be interpreted as future promises to pay. "The 'false information' contemplated in a negligent misrepresentation case is a

misstatement of existing fact, not a promise of future conduct." *Roof Systems, Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex. App.—Houston 2004); *see also Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston 1999); *accord Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007); *Federal Land Bank Ass'n of Tyler*, 825 S.W.2d at 442. There is no genuine issue of material fact as to Cross-Claimants negligent misrepresentation claim, and the claim fails as a matter of law.

## VI. CONCLUSION

Sony's Motion is **GRANTED**. Plaintiff's claims against Sony are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this the ⟶21st⟵ day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE