# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH HOWARD, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO. H-06-3133** |
| | § | |
| **SONY MUSIC BMG** | § | |
| **ENTERTAINMENT**, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion for Attorneys' Fees and Plaintiff's Bill of

Costs.  For the following reasons, Plaintiff's Motions, Doc. No. 84 and Doc. No. 85, are

**DENIED**.

## I.    PROCEDURAL BACKGROUND

The Court entered default against Defendant Wesley Weston on February 20, 2007 and

denied Weston's Motion to Set Aside Entry of Default on January 25, 2008.  The Court held a

hearing on the matter of damages on February 7, 2008, and entertained additional briefing from

the parties on this issue.  On February 22, 2008, the Court denied all of Plaintiff's claims for

damages against Weston.  The Court found that, at the damages hearing and in briefing, Plaintiff

had abandoned any claim against Weston under the Texas Theft Liability Act, and for fraud and

negligent misrepresentation.  The Court also found that Plaintiff had only asserted a copyright

ownership claim against Weston, and not a copyright infringement claim.  The Court determined

that Plaintiff's copyright ownership claim against Weston failed as a matter of law because, *inter*

*alia*, it was barred by the statute of limitations.  The Court finally held that Plaintiff's contract

claims against Weston also failed as a matter of law or were not supported by allegations in the

1

Complaint.[1]  The Court ultimately entered a Final Judgment awarding zero monetary damages as to all of Plaintiff's claims against Mr. Weston.

## II.   ANALYSIS

Plaintiff now claims that he is entitled to attorneys' fees and costs under Federal Rule of Civil Procedure 54, Section 505 of the Copyright Act and, presumably, under the Texas Civil Practice and Remedies Code.  *See* FED. R. CIV. P. 54(d)(1),(2); U.S.C. § 505; TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon 1997 & Supp. 2005)).  Plaintiff's request for costs and fees must be denied, because he is not a prevailing party.

To be awarded attorneys' fees or costs under these statutes and under the Federal Rules, Plaintiff must be a prevailing party.  "To become a prevailing party, a plaintiff must obtain, at an absolute minimum, actual relief on the merits of [the] claim." *Farrar v. Hobby*, 506 U.S. 103, 116 (1992) (internal citations and quotation marks omitted); *see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 249 (5th Cir. 2002).  The Fifth Circuit has further clarified that, to be considered a prevailing party, a plaintiff must: "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008).

Although the Court did enter default against Weston, it subsequently found that Plaintiff was entitled to no actual relief on the merits of his claims against Weston.  The Court awarded no damages or any other type of relief to Plaintiff as a result of Weston's default.  As a result, Plaintiff is not a prevailing party and is not entitled to costs or attorneys' fees.[2]

---

[1] The Court recognizes that Plaintiff challenges this finding in his Motion for Attorneys' Fees, but that question is now on appeal to the Fifth Circuit. (*See* Doc. 85 at 8.)

[2] Plaintiff's argument that he is entitled to attorneys' fees under Section 505 of the Copyright Act, entitled "Remedies for Infringement", additionally fails because Plaintiff asserted only a copyright ownership and not a

## III.    CONCLUSION

Because Plaintiff is not a prevailing party, his Motion for Attorneys' Fees and Bill of Costs are hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 21st day of July, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.

---

copyright infringement claim against Weston.  Again, the Court recognizes that Plaintiff takes issue with its
previous findings, but those matters are currently on appeal to the Fifth Circuit.