UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH HOWARD, JR., p/k/a "Joe Traxx," | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-cv-3133 |
| SONY BMG MUSIC ENTERTAINMENT, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment as to All Claims

Asserted Against Estelle D. Hobbs, Hobbs Publishing, and Suckafree Records, Inc.  For the

following reasons, Plaintiff's Motion, Doc. No. 87, is **DENIED**.  Plaintiff's Copyright claims are

**DISMISSED WITH PREJUDICE**.  Plaintiff's remaining state law claims are **DISMISSED**

**WITHOUT PREJUDICE** to refiling in state court.

## I.   BACKGROUND

As this Court has summarized in prior Orders, Plaintiff alleges that Defendants Estelle

Hobbs, Hobbs Publishing, Suckafree Records, Inc. (collectively, the "Suckafree Defendants"),

and others failed to compensate him for the incorporation of one of his musical compositions

into a song recorded by Defendant Wesley Weston, and released and distributed by Sony.  Mr.

Howard, who describes himself as a solo musician and producer, claims that a copyrighted

musical composition of his was used on the song *R.I.P. Screw,* which was part of a successful

album, *Undaground Legend.*  Plaintiff contends that he was never paid for the use of his

-1-

copyrighted musical composition, although he was repeatedly promised that he would be paid for it and for his production services.

Plaintiff and Defendants Suckafree Records ("Suckafree") made and entered into a Producer Agreement (Am. Compl. Ex. 1) in August 2002. On March 1, 2004, a Mechanical License Agreement ("License Agreement") was made and entered into between Malaco, Inc., on behalf of Plaintiff, and Suckafree. (Am. Compl. Ex. B.) Defendant Sony was not a party to either agreement. In response to the pending Motion, the Suckafree Defendants now maintain that it assigned the rights of the Producer's Agreement to Sony BMG.[1]

Beginning in 2004, there were several email communications between Plaintiff and Sony in which Plaintiff asked for payment. Plaintiff and the Suckafree Defendants contend, under different legal theories, that these communications gave rise to an obligation on the part of Sony to pay Plaintiff for his contributions to *Undaground Legend*. The Suckafree Defendants, in response to Plaintiff's Motion for Summary Judgment, also contend that pursuant to a Distribution Agency Agreement (Doc. No. 106, Ex. A), Sony was to pay Suckafree Records royalties based on the albums delivered and distributed by Sony.[2] The Suckafree Defendants admit in their response brief that the agreement obligated Suckafree Records to pay any producers they hired to work on any song. (Doc No. 106, 2.) The Suckafree Defendants contend that Sony agreed to distribute the royalty payments on behalf of Suckafree Records pursuant to Sucakfree's agreements with the producers who worked on the album. The Suckafree Defendants point to section 4A, entitled "Licenses for Musical Compositions," of the Distribution Agency Agreement, as evidence that Sony was obligated to pay music publishers

---

[1] The Court is not aware of any summary judgment evidence regarding the assignment.
[2] The Suckafree Defendants did not present the Distribution Agency Agreement in response to Sony BMG's Motion for Summary Judgment on the Suckafree Defendant's Cross-Claims.

and copyright proprietors for music. (Doc. No. 106, Ex. A.) Section 4A summarizes Sony's commitment to using reasonable efforts to obtain licenses to reproduce musical compositions and to make payments to music publishers. The Suckafree Defendants also appear to contend that industry custom dictates that Sony would pay Plaintiff royalties.

Ultimately, the Suckafree Defendants argue that Sony has never provided Suckafree or Plaintiff with any royalty payments, and that Sony's only reason for failing to do so is an incorrect allegation by Sony that it did not have the correct paperwork clarifying the percentage ownership or splits of the recording.

In their Answer to Plaintiff's Amended Complaint, and in response to the pending Motion, the Suckafree Defendants provide no evidence or arguments suggesting that they themselves are not liable to Plaintiff pursuant to the Producer Agreement and the Mechanical Agreement. Instead, the Suckafree Defendants focus exclusively on convincing the Court either that they are unable to pay Plaintiff because Sony BMG has failed to provide them with royalties or that Sony BMG is the Defendant that actually owes Plaintiff the money he seeks.

## II.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c) (2008). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could

enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). Conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902.

## III.   ANALYSIS

Plaintiff maintains that the Court should enter summary judgment against the Suckafree Defendants on all of Plaintiff's claims because the Suckafree Defendants have admitted virtually every claim Plaintiff raises in their Answer and fail to contest liability in response to the pending Motion. Plaintiff also contends that the Suckafree Defendants have failed to respond to any of Plaintiff's discovery requests in this lawsuit.

In response to Plaintiff's Motion, the Suckafree Defendants have made an attempt to further clarify Sony BMG's liability, producing evidence that clearly should have been provided to the Court in response to Sony BMG's Motion for Summary Judgment on the Suckafree's Cross-Claims.[3] The Court has already granted summary judgment in favor of Sony on the Suckafree Defendant's cross-claims, however, and has dismissed Sony from this lawsuit.

In their Answer, the Suckafree Defendants do admit to some of the allegations related to Plaintiff's claims under the Copyright Act, but appear to argue that Sony was responsible for the

---

[3] Plaintiff himself argues that the Suckafree Defendant's response demonstrates why summary judgment should not have been granted for Sony.

actual infringement.[4]  In prior Orders, the Court has held that Plaintiff's claims under the

Copyright Act are barred by the relevant statute of limitations.  (*See, e.g.*, Doc. No. 36, 4-5; Doc.

No. 74, 4.)  The Court finds, again, that Plaintiff's Copyright claims are barred by the statute of

limitations, and must be dismissed.  *See, e.g.*, *Eberhardt v. Merck & Co. Inc.*, 106 Fed. Appx.

277, 278, 2004 WL 1759247, at *1 (5th Cir. 2004) (unpublished) (citing *Jackson v. Johnson*, 950

F.2d 263, 265 (5th Cir. 1992) ("Although the defense of limitations usually must be raised by the

defendants in the district court, it also may be raised *sua sponte* by the district court.")

Plaintiff's remaining claims for breach of contract, fraud, negligent misrepresentation,

and under the Texas Theft Act are all state law claims, and the parties are not diverse.  The Court

declines to exercise its supplemental jurisdiction over these claims.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7

(1988); *see also Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (noting the "wide

discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of

federal claims.").  Although this case has been pending for some time and the Court has ruled on

the motions between Plaintiff and other defendants, the Court has not adjudicated any claims

between Plaintiff and the Suckafree Defendants.  There is currently no trial date in place.  There

is certainly no indication that the parties have spent significant time on discovery.  *Cf. Newport*

---

[4] The Suckafree Defendants do not clearly admit or deny, for example, that "[T]he Defendants infringed, induced others to infringe, and/or contributed to the infringement" of the relevant copyright. (Pl.'s Am. Compl. ¶ 54; Suckafree Defendants' Answer, ¶ 54.) They instead state "Admit that Plaintiff is a composer of copyrighted sound recordings, and these copyrighted sound recordings were used, distributed, and sold by Sony BMG without alteration or modification . . . for its own financial gain, and without authorization because there was no advance authorization was signed [sic] by any parties and Sony BMG failed to pay proper royalties and consideration for the use of said copyrighted music sound recordings." (Suckafree Defendants' Answer, ¶ 54.)

*Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307 (5th Cir. 1991) (finding that the district court abused its discretion by declining to exercise pendent jurisdiction on the eve of trial where the district court had devoted "hundreds of Court hours" to the case and years of difficult discovery in federal court had  produced "23 volumes and thousands of pages of record, the preparation of a pretrial order exceeding 200 pages, over a hundred depositions, and according to counsel nearly two hundred thousand pages of discovery production."). Furthermore, despite the Suckafree Defendant's many admissions, the questions of state law in this case are not all crystal clear.  For example, Suckafree has not clearly admitted to Plaintiff's Texas Theft Act claims,[5] and the Court is not at all clear how or whether the Texas courts would apply the Act to the facts of this case.  In addition, even if the Court were to grant summary judgment on Plaintiff's state law claims, Plaintiff is demanding a jury trial on the question of damages.

Cognizant that the dismissal of state claims, though not mandatory, is generally appropriate when all federal claims have been dismissed, the Court finds that the balancing of the relevant factors leads to the conclusion that Plaintiff's state law claims should be dismissed without prejudice to refiling in state court. *See also* (28 U.S.C.A. § 1367(d) (tolling the limitations period for claims brought under supplemental jurisdiction statute "while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.")); *Dorantes v. de Luna*, No. L-06-180, 2008 WL 375489 (S.D. Tex. Feb. 11, 2008).

## IV.    CONCLUSION

Plaintiff's Motion, Doc. No. 87, is **DENIED**.  Plaintiff's Copyright Act claims against the Suckafree Defendants are **DISMISSED WITH PREJUDICE.**  Plaintiff's state law claims

---

[5] The Defendants have attempted to "Admit with respect to Sony BMG" Plaintiff's Texas Theft Act allegations. (Suckafree Answer, ¶¶ 83-85.)

of breach of contract, fraud, negligent misrepresentation, and theft of service are **DISMISSED**

**WITHOUT PREJUDICE** to refiling in state court.

**IT IS SO ORDERED.**

  **SIGNED** this _9th_ day of September, 2008.

                _____
                KEITH P. ELLISON
                UNITED STATES DISTRICT JUDGE