UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH HOWARD, JR., p/k/a "Joe Traxx,"   §<br>§<br>§<br>Plaintiff,   §<br>§ CIVIL ACTION NO. H-06-cv-3133<br>v.   §<br>§<br>SONY BMG MUSIC   §<br>ENTERTAINMENT, *et al.*,   §<br>§<br>Defendants.   § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Vacate the Final Judgment Relating to Plaintiff's Claims Against Suckafree Records. (Doc. No. 120.) For the following reasons, Plaintiff's Motion should be denied.

### I.   BACKGROUND

As this Court has summarized in prior Orders, Plaintiff Howard alleges that Defendants Estelle Hobbs, Jr., Hobbs Publishing, Suckafree Records, Inc. (collectively, the "Suckafree Defendants"), and others failed to compensate him for the incorporation of one of his musical compositions into a song recorded by Defendant Wesley Weston, and released and distributed by Sony BMG Music Entertainment, Inc. ("Sony BMG"). Plaintiff, who describes himself as a solo musician and producer, claims that a copyrighted musical composition of his was used on the song *R.I.P. Screw*, which was part of a successful album, *Undaground Legend*. Plaintiff contends that he was never paid for the use of his copyrighted musical composition, although he was repeatedly promised that he would be paid for it and for his production services. The

Suckafree Defendants argue that Sony BMG, the company that released and distributed the song, has never provided Suckafree or Plaintiff with any royalty payments, and that Sony BMG's only reason for failing to do so is an incorrect allegation by Sony BMG that it did not have the correct paperwork clarifying the percentage ownership or splits of the recording. In their prior filings, the Suckafree Defendants focused exclusively on convincing the Court either that they are unable to pay Plaintiff because Sony BMG has failed to provide them with royalties or that Sony BMG is the Defendant that actually owes Plaintiff the money he seeks.

The remaining relevant facts are explained in the Court's Order of September 9th, 2008 ("September 2008 Order," Doc. No. 118), denying Plaintiff's Motion for Summary Judgment as to all claims against the Suckafree Defendants. In the Order, the Court dismissed Plaintiff's Copyright Act claims because Plaintiff's claims are barred by the statute of limitations. 17 U.S.C. § 507(b); (Doc. No. 118, at 5.) In addition, the Court declined to exercise supplemental jurisdiction and dismissed Plaintiff's state law claims without prejudice. (*Id.* at 7.)

Plaintiff contends that the manner in which the Court raised the statute of limitations issue did not provide it an opportunity to rebut the statute of limitations defense with evidence or arguments. Consequently, he argues that the Court's dismissal deprived Plaintiff of his right to assert the defenses of repudiation and equitable estoppel. He claims that "[o]ther evidence supports the defenses of repudiation and equitable estoppel." (Pl. Mtn. at 2.) In addition, he contends that the Court failed to consider evidence that Plaintiff now provides on post-release sales in its statute of limitations discussion and, instead, erroneously concluded that the Copyright Act claims accrued on or before the album release date, August 2002, rather than accruing anew for each album sale. Plaintiff contends that the Court's Orders establish new Fifth

Circuit caselaw with respect to Copyright Act claims and should be vacated. Likewise, Plaintiff asks the Court to exercise supplemental jurisdiction over its state law claims because the Court has been involved in the case for several years and Plaintiff has expended significant resources educating the Court about the matter. The Suckafree Defendants are opposed to Plaintiff's Motion but have not filed a response.

## II. STANDARD FOR MOTION TO RECONSIDER

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III. ANALYSIS

Plaintiff filed his Motion to Vacate within 10 days of the entry of the judgment as required by the Federal Rules. FED. R. CIV. P. 59. The Court, however, does not find a manifest error of law or fact or any newly discovered evidence requiring it to grant Plaintiff's Motion.

In its August 31, 2007 Order, the Court dismissed Plaintiff's Copyright Act claims against Sony BMG for two reasons. First, Plaintiff had transferred to Suckafree all copyrights to R.I.P. Screw and, even though Plaintiff claimed that the contact at issue was invalid for lack of

consideration. The enforceability of a contract, in Texas, does not depend on the payment of the consideration promised. Second, Plaintiff's Copyright Act claims were barred because the latest that Plaintiff could have been made aware of the copyright ownership claim would have been August 2002, the date *Undaground Legend* was released. (Order Granting Sony BMG's Motion for Summary Judgment "August 2007 Order," Doc. No. 36, at 4; *See Also* Order Denying Plaintiff's Motion for Default Judgment Against Wesley Eric Weston, Doc. No. 74, at 3-4.) The statute of limitations for Copyright Act actions is three years, and Plaintiff filed this action on October 5, 2006. 17 U.S.C. § 507(b) (2009). Also in the August 2007 Order, the Court addressed Plaintiff's equitable estoppel and repudiation arguments. Even though these arguments were in the context of Plaintiff's claims against Sony, the Court is familiar with Plaintiff's estoppel and repudiation arguments and does not find that Plaintiff has raised new facts or law. (Doc. No. 36, at 5.) The Fifth Circuit recently affirmed the August 2007 Order "[e]ssentially for the reasons stated by the district court." *Joseph Howard, Jr. v. Sony Music BMG Entertainment*, USCA No. 07-20722 (5th Cir. Sept. 22, 2008), *cert denied* 08-843 (U.S. Feb. 23, 2009).

In addition to the re-asserted arguments about the date on which Sony BMG allegedly repudiated his ownership interest in the composition, Plaintiff contends, in the instant Motion, that post-limitations period sales of the album establish actionable Copyright Act claims. Given, however, that the Fifth Circuit affirmed the Court's August 2007 Order without disturbing the Court's holding that Plaintiff's claims were barred, *inter alia*, because Plaintiff transferred his rights to the Suckafree Defendants, it is difficult to conclude that any Copyright Act claims could survive vis-à-vis the Suckafree Defendants. The law cited in Plaintiff's Motion does not compel a different conclusion. *See, e.g., Ritchie v. Williams*, 395 F.3d 283, 288 n.5 (6th Cir. 2005)

(holding that copyright infringement claims is timely only if the corresponding ownership claim is also timely).

For the reasons stated in its September 2008 Order, the Court finds no reason to reverse its dismissal without prejudice of Plaintiff's state law claims against the Suckafree Defendants. As the Fifth Circuit recently reaffirmed, in general, a court should decline to exercise jurisdiction when all federal claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 6002 (5th Cir. 2009). An exception to this rule applies when the district court declines to exercise jurisdiction over the remaining state law claims after investing significant judicial resources in the litigation. *See id.* (citing cases in which the actions had been pending for a year or more, the discovery deadlines had passed, and the parties had either briefed motions for summary judgment or the court had already ruled on a number of motions). In contrast, a district court may abuse its discretion by retaining jurisdiction if the case has been pending for less than a year, the court has held only one hearing, the parties are not ready for trial, and the case involves difficult state law issues. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587-90 (5th Cir. 1992).

Here, as the Court noted in its September 2008 Order, although this case has been pending for some time and the Court has ruled on the motions between Plaintiff and other Defendants, the Court has not adjudicated any claims between Plaintiff and the Suckafree Defendants. There is no trial date in place. Plaintiff's state claims may well involve difficult issues of state law. Furthermore, there is certainly no indication that the parties have spent significant time on discovery. *Cf. Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307 (5th Cir. 1991) (finding that the district court abused its discretion by declining to exercise

pendent jurisdiction on the eve of trial where the district court had devoted "hundreds of Court hours" to the case and years of difficult discovery in federal court had produced "23 volumes and thousands of pages of record, the preparation of a pretrial order exceeding 200 pages, over a hundred depositions, and according to counsel nearly two hundred thousand pages of discovery production.").

IV. **CONCLUSION**

Plaintiff's Motion, (Doc. No. 120), is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 24th day of April, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE